People v Barragan (2019 NY Slip Op 08737)





People v Barragan


2019 NY Slip Op 08737


Decided on December 5, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 5, 2019

110193

[*1]The People of the State of New York, Respondent,
v
Brandy Barragan, Appellant.

Calendar Date: November 8, 2019

Before: Garry, P.J., Lynch, Clark and Pritzker, JJ.


Rural Law Center of New York, Castleton (Kelly L. Egan of counsel), for appellant.
Karen A. Heggen, District Attorney, Ballston Spa (Gordon W. Eddy of counsel), for respondent.


Appeal from a judgment of the County Court of Saratoga County (Murphy, J.), rendered May 31, 2017, convicting defendant upon her plea of guilty of the crime of criminal sale of a controlled substance in the second degree.
Defendant was charged in a 15-count indictment with various drug-related offenses. In full satisfaction of the indictment, defendant pleaded guilty to one count of criminal sale of a controlled substance in the second degree with the understanding that she would be sentenced to a prison term of eight years followed by five years of postrelease supervision. The plea agreement also required defendant to, among other things, waive her right to appeal. Consistent with the plea agreement, defendant was ultimately sentenced to the contemplated term of imprisonment. County Court also recommended that defendant be allowed to participate in a shock incarceration program if she is deemed eligible. Defendant appeals.
We affirm. Contrary to defendant's contention, the plea colloquy demonstrates that she knowingly, voluntarily and intelligently waived her right to appeal. During the plea proceeding, County Court advised defendant that the waiver of the right to appeal was a condition of the plea agreement, and defendant indicated that she understood the terms of the plea agreement (see People v White, 172 AD3d 1822, 1823 [2019], lv denied 33 NY3d 1110 [2019]; People v Cherry, 166 AD3d 1220, 1221 [2018]). In addition, County Court distinguished the right to appeal as separate and distinct from the other trial-related rights automatically forfeited by a guilty plea, and defendant acknowledged that she understood the nature of the waiver and that she was relinquishing her right to appeal the conviction and sentence (see People v Lopez, 6 NY3d 248, 256-257 [2006]; People v Harrison, 176 AD3d 1262, 1263 [2019]). Defendant then signed a written appeal waiver in open court, after conferring with counsel and assuring the court that she read and understood the written waiver, in which defendant indicated that she understood the separate and distinct nature of the right to appeal and that she was giving up her right to appeal, among other things, the sentence imposed in consideration of the plea agreement (see People v Cannelli, 173 AD3d 1567, 1568 [2019]; People v Johnson, 170 AD3d 1274, 1275 [2019]; People v Watkins, 166 AD3d 1239, 1240 [2018], lv denied 33 NY3d 955 [2019]). Under these circumstances, we find that defendant knowingly, intelligently and voluntarily waived her right to appeal. In light of the valid waiver, defendant's argument regarding the perceived severity of the agreed-upon sentence is precluded (see People v Freeman, 169 AD3d 1115, 1116 [2019], lv denied 33 NY3d 1069 [2019]; People v Chapman, 168 AD3d 1315, 1316 [2019], lv denied 33 NY3d 1067 [2019]).
Garry, P.J., Lynch, Clark and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed.